## Farrell *v.* Ætna Fire Insurance Co.

Fire Insurance. *Evidence. Preliminary proof of loss.* The policy of insurance required the assured to furnish the company, in the event of a loss by fire, the certificate of a justice of the peace that the loss had been sustained without fraud or fault on the part of the assured. The certificate furnished in this case states the value of the property lost at $3,500. This the court allowed to go to the jury as evidence. *Held,* that the certificate was not competent evidence as to the value of the property, but was a mere *ex parte* statement.

### FROM MADISON.

Appeal from the Circuit Court.

No record found.

SNEED, J., delivered the opinion of the court.

The action is upon a policy of insurance against fire, and the trial resulted in a verdict and judgment for the plaintiff below for $3,500 and interest. The insurance was upon the plaintiff's building in the city of Jackson, the value thereof, as stated in the policy, being $3,500.

Among the preliminary and supplementary proofs required by the contract of insurance to be furnished the underwriters in the event of loss was the certificate of a justice of the peace that the loss had been sustained without fraud or fault on the part of the assured. This certificate states the value of the property at $3,500, and the same was produced and read to the jury.

The defendant asked the court to instruct the jury that this certificate would only be looked to by the jury to show that the plaintiff had complied with the conditions of the policy, which required the certificate of the nearest magistrate to be furnished the company as to the fact that the property had been destroyed by fire, and that it was the result of misfortune, and not the act of the plaintiff.

These instructions the court declined to give, and in this we hold there was no error. The proof in the cause shows that the estimate of value, as stated in the preliminary proofs, and as adopted in the justice's certificate, was considerably in excess of the real

value, as proven by divers architects and contractors examined upon the trial. The jury were manifestly influenced in their estimate of the value of the property by the preliminary proofs, which were not competent evidence of the value, but mere *ex parte* statements: Flanders Ins., 527, note 3. If this had been a valued policy, in the sense insisted by plaintiff, the ruling of the court, though erroneous in strict law, would not have been a material error, for which the judgment would have been reversible. But it is not a valued policy liquidating the damages, as shown by the contract itself, in which there is a stipulation that in the event of loss the defendant was to pay the estimated value at the time of the loss. The amount, $3,500, stated as the estimated valuation, merely fixes the maximum of the defendants liability, the real value being left open to proof by the terms and conditions of the contract.

Reverse the judgment and award a new trial.